IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11–cv–01689–MSK–KMT

ISABELLA ROY,

    Plaintiff,

v.

COLE HAAN/NIKE,

    Defendant.

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

**Magistrate Judge Kathleen M. Tafoya**

This matter is before the court on Plaintiff's failure to respond to the court's Order to Show Cause. (Doc. No. 4, filed November 8, 2011.) Plaintiff filed her Title VII Complaint on June 28, 2011. (Doc. No. 1.)

Pursuant to Fed. R. Civ. P. 4(m),

> [i]f a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

The 120-day period to effect service upon Defendants has expired. The defendant has not filed with the Clerk of the Court a signed waiver of service or appeared in the case. As no waiver of service has been filed with the Court, Plaintiff must comply with the service requirements of Fed. R. Civ. P. 4, governing service on corporations. *See* Fed. R. Civ. P. 4(h).

Pursuant to the Federal Rules of Civil Procedure, a corporation may be served in a judicial district of the United States by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1); *see also* Fed. R. Civ. P. 4(h)(1).  A corporation also may be served

> by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and–if the agent is one authorized by statute and the statute so requires–by also mailing a copy of each to the defendant.

Fed. R. Civ. P. 4(h)(B).  State law provides for personal service in Colorado:

> Upon a natural person whose age is eighteen years or older by delivering a copy thereof to the person, or by leaving a copy thereof at the person's usual place of abode, with any person whose age is eighteen years or older and who is a member of the person's family, or at the person's usual workplace, with the person's secretary, administrative assistant, bookkeeper, or managing agent; or by delivering a copy to a person authorized by appointment or by law to receive service of process.

Colo. R. Civ. P. 4(e)(1).  Colorado law also provides for service on a corporation "by delivering a copy [of the summons and complaint] to the registered agent for service as set forth in the most recently filed document in the records of the secretary of state of this state or any other jurisdiction," or to an officer of the corporation.  Colo. R. Civ. P. 4(e)(4).

It is now well past the 120-day period provided for service of a defendant under Rule 4(m), and the defendant has not been served.  On November 8, 2011, this court ordered Plaintiff to show cause in writing, on or before November 22, 2011, why her claims against the defendant should not be dismissed without prejudice pursuant to Fed. R. Civ. P. 4(m) for lack of service.

(Doc. No. 4.) Plaintiff has not responded to the Order to Show Cause to provide further information regarding her efforts to effect proper service on the defendant.

Fed. R. Civ. P. 4(m) authorizes the court to dismiss a case against unserved defendants unless the plaintiff can show good cause for her failure to serve. Here, Plaintiff has failed to provide good cause for her failure to timely serve the defendant.

WHEREFORE, for the foregoing reasons, the court respectfully

RECOMMENDS that this case be dismissed without prejudice pursuant to Fed. R. Civ. P. 4(m) for lack of service.

## ADVISEMENT TO THE PARTIES

Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the district court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Prop. Known As 2121 East 30th Street, Tulsa, Okla.*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the district judge of the magistrate judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the

magistrate judge.  *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (a district court's decision to review a magistrate judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule");  *One Parcel of Real Prop.*, 73 F.3d at 1059-60 (a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review);  *Int'l Surplus Lines Ins. Co. v. Wyo. Coal Ref. Sys., Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the magistrate judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the magistrate judge's ruling); *but see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

Dated this 14th day of December, 2011.

BY THE COURT:

*[signature]*

Kathleen M. Tafoya
United States Magistrate Judge